**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SINOTRANS CONTAINER LINES CO., LTD., | No. 09-55480 |
| Plaintiff-Appellee, | D.C. No. CV-06-07848-SVW |
| v. | MEMORANDUM [*] |
| NORTH CHINA CARGO SERVICES, | |
| Defendant-Appellant. | |

On Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 6, 2010
Pasadena, California

Before: CLIFTON and BYBEE, Circuit Judges, and KORMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge, Eastern District of New York, sitting by designation.

Appellant, North China Cargo Services, Inc. ("North China"), appeals an order of the United States District Court for the Central District of California, granting the motion for summary judgment of appellee, Sinotrans Container Lines Co., Ltd. ("Sinotrans"). North China, a California corporation, contracted with Sinotrans, an ocean carrier organized under the laws of the People's Republic of China, to have Sinotrans transport sixty containers of waste paper by sea from Long Beach to Qingdao, China in 2006. Once the shipments arrived in Qingdao, North China refused to accept delivery of the containers and clear them through customs. Consequently, they were taken into custody by Chinese port authorities for over two years.

On December 11, 2006, Sinotrans filed its complaint against North China for demurrage/detention charges, storage charges, and other damages and costs resulting from North China's failure to accept delivery of the cargo. On January 11, 2007, North China filed a motion to dismiss on the following grounds: 1) failure to join an indispensable party; 2) *forum non conveniens*; and 3) lack of subject matter jurisdiction. On January 31, 2008, the district court denied the motion on all grounds. Following limited discovery, Sinotrans filed a motion for summary judgment, which the district court granted on February 3, 2009. The judgment was entered on February 27, 2009, and North China filed its notice of appeal on March 29, 2009.

I

North China first argues that the district court lacked subject matter jurisdiction. This argument is without merit. The federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). "As a general rule, admiralty law applies to all maritime contracts." *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 670 (9th Cir. 1997). Indeed, "a contract is maritime if it relates to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment." *Id.* at 670-71.

The present dispute stems from North China's breach of the bills of lading and service contracts, the primary purpose of which was to transport goods from California to China by sea. Accordingly, they are maritime in nature and thus conferred admiralty jurisdiction upon the district court pursuant to 28 U.S.C. § 1333(1). The provisions relating to the pickup and detention of cargo in China, while technically involving activity taking place on land, are incidental to the overall objective of the agreement, which was to transport the cargo through maritime activity. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004) (holding that bills of lading, which covered both ocean and inland transportation, were "maritime contracts because their primary objective [was] to accomplish the transportation of goods by sea.").

3

Alternatively, the district court had diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because Sinotrans is a foreign citizen, North China is a United States citizen, and the amount in controversy exceeds $75,000. North China's contentions to the contrary are erroneous and without support.

II

North China also argues that the district court erred in granting summary judgment in favor of Sinotrans because there remain factual disputes regarding the mitigation of damages. Sinotrans provided evidence that it took extensive measures to attempt to mitigate its losses. First, according to sworn declarations, Sinotrans contacted North China and offered "a big discount" in the detention charges if it agreed to retrieve the deliveries in Qingdao, but North China refused. Next, Sinotrans applied to Chinese customs to have the cargo destroyed or auctioned, but customs officials would not grant approval. Sinotrans then hired a "custom clearance company" called Cititong International Freight & Forwarding Co., Ltd. to retrieve the containers. For unexplained reasons, these efforts were similarly unsuccessful. Finally, Sinotrans hired attorneys in China to ask the Quindao maritime court to order the sale of the cargo so that the containers could be recovered. Since that time, customs has sold the contents of forty containers, but the proceeds were insufficient to cover the unpaid duties and costs of conducting the sale.

4

By contrast, North China has offered no evidence of its own to dispute the claim that Sinotrans took these measures. It claims that its lack of supporting evidence is the result of an inability to conduct appropriate discovery. Yet North China never complied with Federal Rule of Civil Procedure 56(f), which provides that if a party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition," the court may deny a pending motion for summary judgment and grant a continuance. Fed. R. Civ. P. 56(f); *see also California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). "References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). Accordingly, based on the evidence presented by the parties, we conclude that there are no genuine issues of fact regarding damages that would require a trial.

III

Finally, North China argues that the district court was not the proper forum for this action and, consequently, the case should have been dismissed on the ground of *forum non conveniens*. Such a dismissal requires the moving party to prove that the balance of private and public interest factors relating to the competing fora favors dismissal. *See Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 699 (9th Cir.

1995).  This determination "is committed to the sound discretion of the trial court.  It may be reversed only when there has been a clear abuse of discretion."  *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 257 (1981).

The district court concluded that North China failed to demonstrate that there was an adequate alternative forum and that the majority of public and private interest factors weighed against dismissal on *forum non conveniens* grounds.  We agree with that assessment.

IV

For the foregoing reasons, we AFFIRM the decision of the district court.